OPINION
{¶ 1} Defendant-appellant Brett Smith appeals from his conviction and sentence for Robbery, following a guilty plea. Smith contends that the trial court erred by imposing a six-year sentence for the offense without making findings of fact supporting its imposition of the sentence, and without otherwise making a record of its consideration of statutory sentencing guidelines.
 {¶ 2} Because the sentence imposed was neither a maximum sentence, nor a consecutive sentence, the trial court was not required to make any findings of fact. Upon appellate review, it will be presumed from a silent record that a trial court considered applicable statutory factors in determining an appropriate sentence, unless a defendant can demonstrate that his sentence is strikingly inconsistent with those factors. The record in this case, including the pre-sentence investigation report, does not support a conclusion that the six-year sentence imposed in this case is strikingly inconsistent with the applicable statutory factors. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 3} Smith was charged by indictment with Robbery, a felony of the second degree. After Smith's motion to suppress was overruled, Smith tendered a plea of guilty, which was accepted. Following a sentencing hearing, the trial court imposed a sentence of six years in prison. From his conviction and sentence, Smith appeals.
 II {¶ 4} Smith's sole assignment of error is as follows:
 {¶ 5} "The Court Erred In Failing To Make A Record Of Its Consideration Of Statutory Sentencing Guidelines And Failing To Make Findings Of Fact Supporting Its Imposition Of A Six-year Sentence."
 {¶ 6} Smith pled guilty to Robbery, a violation of R.C.2911.02(A)(2), which is a felony of the second degree. R.C. 29911.02(B).
 {¶ 7} The prison term that may be imposed for a felony of the second degree is two, three, four, five, six, seven, or eight years. R.C. 2929.14(A)(2).
 {¶ 8} The sentence imposed upon Smith, six years, was not the maximum sentence that could have been imposed for the offense. Nor was the sentence imposed consecutively with any other sentence. Under either of these two circumstances, the trial court would have been required to make certain statutory findings. R.C. 2929.19(B)(2)(c), (d). Or, if the trial court had decided not to impose a prison term for Smith's second-degree felony, the trial court would have been required to make certain findings on the record. R.C. 2929.19(B)(2)(b).
 {¶ 9} Smith has not directed us to any authority, and we are aware of no authority, that would require a trial court to make findings where it is imposing less than a maximum sentence for a second degree felony, not to be served consecutively with any other sentence.
 {¶ 10} Although Smith cites State v. Mirmohamed (1998),131 Ohio App.3d 579, for the proposition that the trial court is required to make findings on the record in determining a sentence, that case involved the imposition of consecutive sentences, where certain findings are required by statute.
 {¶ 11} Smith also cites R.C. 2929.12, which requires the trial court, in exercising its discretion to determine an appropriate sentence, to consider certain factors relating to the seriousness of the criminal conduct, as well as certain factors relating to the likelihood of the offender's recidivism, as well as any other factors that may be appropriate. Smith contends that the trial court erred in failing to make a record of its consideration of these factors.
 {¶ 12} We have previously determined that upon a record that is silent with respect to the trial court's consideration of the factors set forth in R.C. 2929.12, a presumption arises that the trial court complied with its duty to consider those factors. State v. Garrison (1997),123 Ohio App.3d 11. This is a specific application of the general principle of appellate review that regularity in the proceedings below is to be presumed in the face of a silent record. In that case, we held that a defendant, to overcome that presumption, must demonstrate that his sentence is "strikingly inconsistent" with the applicable factors of R.C. 2929.12. Id., at 17.
 {¶ 13} We find no striking inconsistency in the case before us. We have reviewed the pre-sentence investigation report, which indicates that the offense for which Smith, who was then 25 years old, was convicted involved a robbery of a 74 year old man's monthly social security benefit, in the amount of $640. In the course of the robbery, Smith pushed his victim to the ground and punched him three times.
 {¶ 14} In determining the seriousness of a defendant's criminal conduct, the trial court is directed to consider whether the physical or mental injury suffered by the victim was exacerbated because of the physical or mental condition or age of the victim, and whether the victim suffered serious physical, psychological, or economic harm as a result of the offense. We have found nothing in the pre-sentence investigation report to reflect that Smith's victim was badly injured, but the age of the victim, as well as the fact that his entire month's social security benefits were taken from him, are factors that the trial court could appropriately take into consideration in determining that Smith's conduct was more serious than conduct normally constituting the offense. R.C.2929.12(B). There are no apparent factors to suggest that Smith's conduct was less serious than conduct normally constituting the offense. See, R.C. 2929.12(C).
 {¶ 15} With respect to the recidivism issue, Smith was under post-release control following having been incarcerated for over a year and a half for Aggravated Robbery at the time he committed the offense in this case. That is a statutory factor indicating that the offender is likely to commit future crimes. R.C. 2929.12(D)(1).
 {¶ 16} Furthermore, Smith has a prior record of four juvenile offenses, eight adult misdemeanor offenses, and two adult felony offenses, all within a 12-year period. This history is to be considered as a factor indicating that Smith is likely to commit future crimes. R.C. 2929.12(D)(2).
 {¶ 17} Various factors are set forth in R.C. 2929.12(E) as factors indicating that the offender is not likely to commit future crimes, but we find none of those factors reflected in the pre-sentence investigation report.
 {¶ 18} In short, based upon our review of the record, we do not conclude that the six-year sentence imposed in this case is "strikingly inconsistent" with the purposes and principles of sentencing set forth in R.C. 2929.11, or the seriousness and recidivism factors set forth in R.C. 2929.12. Smith's sole assignment of error is overruled.
 III {¶ 19} Smith's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and WOLFF, JJ., concur.